IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


SPAULDING MOVING AND STORAGE, INC., )
individually and on behalf of all )
others similarly situated, )
 )
              Plaintiff, )
              Counterdefendant, )
 )
v. )    No. 07 C 4095
 )
NATIONAL FORWARDING CO., INC., )
 )
              Defendant, )
              Counterclaimant. )


## **OPINION AND ORDER**

Plaintiff Spaulding Moving and Storage, Inc., both individually and on behalf of a putative class, brings this action against defendant National Forwarding Co., Inc. Defendant has a contract with the Department of Defense ("DOD") to provide moving services for DOD employees. Pursuant to a "Hauling Contract," National Forwarding acts as the billing agent when Spaulding and the putative class members provide moving services for DOD personnel. When plaintiffs provide such moving services, they forward invoices to National Forwarding which sends revised invoices to the responsible DOD agency. National Forwarding receives payment from DOD and then provides appropriate payment

to the plaintiff that provided the moving service. Spaulding alleges that defendant breached the Hauling Contract by failing to pay to plaintiff and the putative class members their proper share of "Additional Transportation Charges" that defendant received from DOD for moves to certain counties. The one example plaintiff provides of defendant's failure to remit additional transportation charges is in connection with a move conducted by plaintiff on or about February 9, 2005 entitling it to recover $497.61. Jurisdiction over plaintiff's action is based on the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), there being diversity of citizenship between some class members and defendant and the amount in controversy being in excess of $5,000,000. Named plaintiff and defendant, however, are both citizens of Illinois.

National Forwarding has counterclaimed for $15,790.76 that Spaulding allegedly owes it under another contract (the "Management Contract") related to providing transportation services for DOD. Under the Management Contract, National Forwarding agreed to provide traffic management for military contracts of Spaulding. Under this arrangement, National Forwarding received all revenues under the contracts while paying Spaulding 3% of the net linehaul.[1] In October 2004, Spaulding informed National Forwarding that it was terminating the

---

[1] It is unclear from the parties' pleadings whether the payments that National Forwarding receives under the Hauling Contract are also governed by the Management Contract.

Management Contract effective April 13, 2005. National Forwarding contends that it was entitled to receive revenues for all pickups that occurred prior to the termination date even if payment was made after the termination date. National Forwarding further alleges that Spaulding changed the payee codes under the military contracts so that Spaulding received all payments made on April 13, 2005 and thereafter. National Forwarding alleges that this resulted in Spaulding receiving payments for three contracts that were picked up prior to the termination date, but paid after the termination date. Spaulding has moved to dismiss the counterclaim on the ground that it is a permissive counterclaim over which this court lacks jurisdiction.

At the times the Complaint and Countercomplaint were filed, the Federal Rules of Civil Procedure defined a compulsory counterclaim as, in pertinent part, a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a) (2007). A permissive counterclaim was defined as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Id. 13(b).² The supplemental jurisdiction statute, 28 U.S.C.

---

²Effective December 1, 2007, nonsubstantive amendments went into effect. Rule 13(a)(1)(A) still includes "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" in the definition of a compulsory counterclaim. Rule 12(b) now defines a permissive counterclaim as "any [counter]claim that is not compulsory."

§ 1367(a), provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The majority of courts apparently hold that a permissive counterclaim cannot fall within the purview of supplemental jurisdiction, see Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, Federal Prac. & Proc.: Jurisdiction 2d § 3523.1, 2007 Suppl. at 234-35 & nn.53-56 (2007), essentially viewing arising out of the transaction or occurrence as coextensive with forming part of the same case or controversy. Those courts require that a permissive counterclaim always have an independent basis for jurisdiction.

The Seventh Circuit, however, views the case or controversy language of the supplemental jurisdiction statute as being broader than the transaction or occurrence provisions that define compulsory and permissive counterclaims. Thus, the Seventh Circuit holds that supplemental jurisdiction may be exercised over a permissive counterclaim that does not have an independent basis of jurisdiction as long as the counterclaim otherwise satisfies the requirements for exercising supplemental jurisdiction. See Channell v. Citicorp Nat'l Serv., Inc., 89 F.3d 379, 384-86 (7th Cir. 1996) (Easterbrook, J.); Rothman v. Emory University, 123 F.3d 446, 454 (7th Cir. 1997); Leipzig v. AIG Life Ins. Co., 362 F.3d 406, 410 (7th Cir. 2004) (dictum)

(Easterbrook, J.); Colemon v. Marshall & Ilsley Bank, 2007 WL 4305604 *4 (E.D. Wis. Dec. 7, 2007); Conyers v. Abitz, 2006 WL 3147402 *12 (E.D. Wis. Oct. 27, 2006); Gross v. Town of Cicero, 2005 WL 1126542 *1 (N.D. Ill. May 3, 2005); Adams Street Joint Venture v. Harte, 231 F. Supp. 2d 759, 762 & n.1 (N.D. Ill. 2002). But see Oak Park Trust & Sav. Bank v. Therkildsen, 209 F.3d 648, 651 (7th Cir. 2000) (Easterbrook, J.);[3] Chicago Reg'l Council of Carpenters Pension Fund v. Three Way Hanging, Inc., 2008 WL 192989 *1 (N.D. Ill. Jan. 22, 2008); DirecTV v. Edwards, 293 F. Supp. 2d 873, 878 (N.D. Ind. 2003); Conner v. Instant Cash Advance, 2003 WL 446378 *3 (S.D. Ind. Feb. 20, 2003). Section 1367(a)'s requirement that the counterclaim be so related to the original complaint that they form the same case or controversy may be satisfied even by a "loose factual connection between the claims" as long as the complaint and counterclaim derive from the same common nucleus of operative facts. Strom v. Strom Closures, Inc., 2008 WL 489363 *4 (N.D. Ill. Feb. 20, 2008) (quoting Sanchez & Daniels v. Koresko, 503 F.3d 610, 614 (7th Cir. 2007)); Conyers, 2006 WL 3147402 at *12 (quoting Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995)); Gross, 2005 WL 1126542

---

[3] Channel, which contains a developed discussion of the issue, and Rothman appear to state the current view of the Seventh Circuit, not Therkildsen. While Harte and DirecTV attempt to reconcile Therkildsen with Channel and Rothman, Therkildsen appears to be inconsistent with the other two in holding that permissive counterclaims always require an independent basis of jurisdiction. See also Three Way Hanging, supra, and Conner, supra.

at *1 (same). Even if this requirement is met, it is still within the district court's discretion as to whether or not to exercise supplemental jurisdiction. 28 U.S.C. 1367(c); Channel, 89 F.3d at 386; Strom, 2008 WL 489363 at *5. The burden is on National Forwarding to establish that there is supplemental jurisdiction over the counterclaim. Three Way Hanging, 2008 WL 192989 at *1; DirecTV, 293 F. Supp. 2d at 879; Harte, 231 F. Supp. 2d at 761.

National Forwarding does not dispute that its counterclaim is permissive, not compulsory. It also does not dispute that there is no independent basis of jurisdiction for its counterclaim. National Forwarding, however, contends that its claim is sufficiently related to plaintiff's claims to fall within the supplemental jurisdiction of this court. Both sets of claims concern payments for transportation services and arise during the same time period. Both sets of claims also involve the same parties. Although the central legal issue in each set of claims focuses on different clauses of two contracts, there is sufficient factual overlap to support supplemental jurisdiction. This court will exercise its discretion to retain supplemental jurisdiction over the counterclaim since the exact same issue may be before the court anyway as an offset affirmative defense.[4]

---

[4]In its brief opposing the motion to dismiss, National Forwarding contends that the same facts that underlie the counterclaim also underlie a possible offset affirmative defense. While supplemental jurisdiction itself cannot be based on a factual relationship between an affirmative defense and

Even if not before the court in a similar affirmative defense, the counterclaim is not likely to predominate over the main issues raised in plaintiff's Complaint.

The Countercomplaint will not be dismissed. Plaintiff shall promptly move for class certification.

IT IS THEREFORE ORDERED that plaintiff-counterdefendant's motion to dismiss [19] is denied. Within two weeks, counter-defendant shall answer the countercomplaint. By April 14, 2008, plaintiff shall file its motion for class certification and supporting memorandum of law. Defendant's answer to the class certification motion shall be filed by May 5, 2008. Plaintiff's reply is due by May 19, 2008. All discovery is to be completed by September 26, 2008. A status hearing will be held on April 16, 2008 at 11:00 a.m.

ENTER:

_/s/ William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: MARCH 20, 2008

---

counterclaim, see Ruhnke v. Pipe Fitters' Welfare Fund, 2005 WL 1869740 *9 (N.D. Ill. Aug. 4, 2005); Lawrence & Assoc. v. Amdocs Champaign, Inc., 2007 WL 390732 *3 (E.D. Mo. Jan. 31, 2007), in deciding whether to retain supplemental jurisdiction that otherwise exists, it would be appropriate to consider that the issue may also be before the court in an affirmative defense. Although suggested in the brief, it is noted that defendant's answer does not actually assert an offset affirmative defense.